Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELIHU ROMERO MORALES, REYNALDO ARIZA
BARRIOS, FERNANDO ARELLANO RAMIREZ, LUIS
FLORES PEREZ, FERNANDO OLEA PRADO, and
ANASTACIO RAMIREZ, individually and on behalf of all others
similarly situated,

         Plaintiffs,

 -against-

CONSTRUCTION DIRECTIONS LLC, NY DEVELOPERS &
MANAGEMENT LLC, and NY DEVELOPERS & MANAGERS
INC., and ELLIOTT PORCO, ALEX LIZARDO and YOEL
GRUBER, as individuals,

         Defendants.
------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

1. Plaintiffs, **ELIHU ROMERO MORALES, REYNALDO ARIZA BARRIOS, FERNANDO ARELLANO RAMIREZ, LUIS FLORES PEREZ, FERNANDO OLEA PRADO, and ANASTACIO RAMIREZ,** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **ELIHU ROMERO MORALES, REYNALDO ARIZA BARRIOS, FERNANDO ARELLANO RAMIREZ, LUIS FLORES PEREZ, FERNANDO OLEA PRADO, and ANASTACIO RAMIREZ,** individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against

1

CONSTRUCTION DIRECTIONS LLC, NY DEVELOPERS & MANAGEMENT LLC, and NY DEVELOPERS & MANAGERS INC., and ELLIOTT PORCO, YOEL GRUBER and ALEX LIZARDO, as individuals, as individuals, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at CONSTRUCTION DIRECTIONS LLC located at 257 Saw Mill River Road, Elmsford, New York 10523, NY DEVELOPERS & MANAGEMENT LLC located at 1303 53rd Street, Brooklyn, New York 11219, and NY DEVELOPERS & MANAGERS INC. located at 1303 53rd Street, Brooklyn, New York 11219, for work performed at 150-13 89th Avenue, Jamaica, New York 11435 ("the job site").

3. Plaintiff ELIHU ROMERO MORALES was employed by Defendants from in or around March 2017 until in or around August 2017.

4. Plaintiff REYNALDO ARIZA BARRIOS was employed by Defendants from in or around March 2017 until in or around August 2017.

5. Plaintiff FERNANDO ARELLANO RAMIREZ was employed by Defendants from in or around March 2017 until in or around August 2017.

6. Plaintiff LUIS FLORES PEREZ was employed by Defendants from in or around March 2017 until in or around August 2017.

7. Plaintiff FERNANDO OLEA PRADO was employed by Defendants from in or around March 2017 until in or around August 2017.

8. Plaintiff ANASTACIO RAMIREZ was employed by Defendants from in or around March 2017 until in or around August 2017.

9. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

11. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
12. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## PLAINTIFFS

14. Plaintiff ELIHU ROMERO MORALES resides at 30-38 Wallace Avenue, Bronx, New York 10467, and was employed by Defendants at CONSTRUCTION DIRECTIONS LLC, NY DEVELOPERS & MANAGEMENT LLC, and NY DEVELOPERS & MANAGERS INC. from in or around March 2017 until in or around August 2017.
15. Plaintiff REYNALDO ARIZA BARRIOS resides at 111-61 44th Avenue, Corona, New York 11638, and has been employed by Defendants at CONSTRUCTION DIRECTIONS LLC, NY DEVELOPERS & MANAGEMENT LLC, and NY DEVELOPERS & MANAGERS INC. from in or around March 2017 until in or around August 2017.
16. Plaintiff FERNANDO ARELLANO RAMIREZ resides at 18-52 67th Street, Brooklyn, New York 11204, and has been employed by Defendants at CONSTRUCTION DIRECTIONS LLC, NY DEVELOPERS & MANAGEMENT LLC, and NY DEVELOPERS & MANAGERS INC. from in or around March 2017 until in or around August 2017.
17. Plaintiff LUIS FLORES PEREZ resides at 41-31 Junction Boulevard, Corona, New York 11368, and has been employed by Defendants at CONSTRUCTION DIRECTIONS LLC, NY DEVELOPERS & MANAGEMENT LLC, and NY DEVELOPERS & MANAGERS INC. from in or around March 2017 until in or around August 2017.
18. Plaintiff FERNANDO OLEA PRADO resides at 240 Hyland Boulevard, Staten Island, New York 10314, and has been employed by Defendants at CONSTRUCTION DIRECTIONS LLC, NY DEVELOPERS & MANAGEMENT

LLC, and NY DEVELOPERS & MANAGERS INC. from in or around March 2017 until in or around August 2017.

19. Plaintiff ANASTACIO RAMIREZ resides at 87-12 Jamaica Avenue, Jamaica, New York 11421, and has been employed by Defendants at CONSTRUCTION DIRECTIONS LLC, NY DEVELOPERS & MANAGEMENT LLC, and NY DEVELOPERS & MANAGERS INC. from in or around March 2017 until in or around August 2017.

## DEFENDANTS

20. Upon information and belief, Defendant, CONSTRUCTION DIRECTIONS LLC, is a corporation organized under the laws of New York with a principal executive office at 257 Saw Mill River Road, Elmsford, New York 10523.

21. Upon information and belief, Defendant, CONSTRUCTION DIRECTIONS LLC, is a corporation authorized to do business under the laws of New York.

22. Defendant CONSTRUCTION DIRECTIONS LLC provided materials for the job site.

23. Defendant CONSTRUCTION DIRECTIONS LLC provided tools to employees, including the Plaintiffs.

24. Defendants CONSTRUCTION DIRECTIONS LLC required employees, including the Plaintiffs, to sign their company time sheets and would keep track of the hours worked by Plaintiffs.

25. Upon information and belief, Defendant ELLIOTT PORCO owns CONSTRUCTION DIRECTIONS LLC.

26. Upon information and belief, Defendant ELLIOTT PORCO operates CONSTRUCTION DIRECTIONS LLC.

27. Upon information and belief, Defendant ELLIOTT PORCO is the Chief Executive Officer of CONSTRUCTION DIRECTIONS LLC.

28. Upon information and belief, Defendant ELLIOTT PORCO is an agent of CONSTRUCTION DIRECTIONS LLC.

29. Upon information and belief, Defendant ELLIOTT PORCO has power over personnel decisions at CONSTRUCTION DIRECTIONS LLC, including making decisions regarding the Plaintiffs on the job site during their employment.

30. Upon information and belief, Defendant ELLIOTT PORCO has power over payroll decisions at CONSTRUCTION DIRECTIONS LLC, including making decisions regarding the Plaintiffs on the job site during their employment.
31. Upon information and belief, Defendant ELLIOTT PORCO would provide checks to Defendant ALEX LIZARDO, which were supposed to be distributed to Plaintiffs.
32. During all relevant times herein, Defendant ELLIOTT PORCO was Plaintiffs' employer within the meaning of the FLSA and NYLL.
33. Defendant ALEX LIZARDO manages CONSTRUCTION DIRECTIONS LLC.
34. Defendant ALEX LIZARDO would be present at the job site every day, for the duration of the project.
35. Defendant ALEX LIZARDO supervises employees, including the Plaintiffs during their employment on the job site, at CONSTRUCTION DIRECTIONS LLC.
36. Defendant ALEX LIZARDO was responsible for hiring the Plaintiffs.
37. Defendant ALEX LIZARDO instructed employees of CONSTRUCTION DIRECTIONS LLC, including the Plaintiffs, on how to perform their jobs.
38. Defendant ALEX LIZARDO has power over personnel decisions at CONSTRUCTION DIRECTIONS LLC, including making decisions regarding the Plaintiffs on the job site during their employment.
39. Defendant ALEX LIZARDO told the Plaintiffs how much they were going to be paid while employed by CONSTRUCTION DIRECTIONS LLC.
40. Defendant ALEX LIZARDO would be responsible for setting Plaintiffs' work schedule and instructing Plaintiffs what hours they would be working each day.
41. Employees of CONSTRUCTION DIRECTIONS LLC, including the Plaintiffs, would bring concerns regarding their pay to Defendant ALEX LIZARDO at the job site.
42. During all relevant times herein, Defendant ALEX LIZARDO was Plaintiffs' employer within the meaning of the FLSA and NYLL.
43. Upon information and belief, Defendant, NY DEVELOPERS & MANAGEMENT LLC, is a corporation organized under the laws of New York with a principal executive office at 1303 53rd Street, Brooklyn, New York 11219.
44. Upon information and belief, Defendant, NY DEVELOPERS & MANAGEMENT LLC, is a corporation authorized to do business under the laws of New York.

45. Upon information and belief, Defendant, NY DEVELOPERS & MANAGERS INC., is a corporation organized under the laws of New York with a principal executive office at 1303 53rd Street, Brooklyn, New York 11219.

46. Upon information and belief, Defendant, NY DEVELOPERS & MANAGEMERS INC., is a corporation authorized to do business under the laws of New York.

47. Upon information and belief, Defendant YOEL GRUBER owns and/or operates NY DEVELOPERS & MANAGEMENT LLC and NY DEVELOPERS & MANAGERS INC.

48. Upon information and belief, Defendant YOEL GRUBER is the Chief Executive Officer of NY DEVELOPERS & MANAGEMENT LLC and NY DEVELOPERS & MANAGERS INC.

49. Upon information and belief, Defendant YOEL GRUBER manages NY DEVELOPERS & MANAGEMENT LLC and NY DEVELOPERS & MANAGERS INC.

50. Upon information and belief, Defendant YOEL GRUBER has power over personnel decisions at NY DEVELOPERS & MANAGEMENT LLC and NY DEVELOPERS & MANAGERS INC., including decisions pertaining to Plaintiffs' employment on the job site.

51. Upon information and belief, Defendant YOEL GRUBER has power over payroll decisions at NY DEVELOPERS & MANAGEMENT LLC and NY DEVELOPERS & MANAGERS INC.

52. Upon information and belief, Defendant YOEL GRUBER has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintain their employment records at NY DEVELOPERS & MANAGEMENT LLC and NY DEVELOPERS & MANAGERS INC.

53. During all relevant times herein, Defendant YOEL GRUBER was Plaintiffs' employer within the meaning of the FLSA and NYLL.

54. On information and belief, CONSTRUCTION DIRECTIONS LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and

handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

55. Upon information and belief, NY DEVELOPERS & MANAGEMENT LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

56. Upon information and belief, NY DEVELOPERS & MANAGERS INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

57. At all times relevant to this action, Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

58. At all times relevant to this action, Defendants were Plaintiffs' employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and Defendants jointly employed Plaintiffs.

59. Upon information and belief, Defendants CONSTRUCTION DIRECTIONS LLC, NY DEVELOPERS & MANAGEMENT LLC, and NY DEVELOPERS & MANAGERS INC. functioned as a single integrated enterprise during Plaintiffs' work on the job site.

60. CONSTRUCTION DIRECTIONS LLC, NY DEVELOPERS & MANAGEMENT LLC, and NY DEVELOPERS & MANAGERS were jointly responsible for hiring, firing, and supervising Plaintiffs on the job site.

61. Upon information and belief, CONSTRUCTION DIRECTIONS LLC, NY DEVELOPERS & MANAGEMENT LLC, and NY DEVELOPERS & MANAGERS

were jointly responsible for setting the wages of Plaintiffs and paying Plaintiffs – to the extent that they were actually compensated – on the job site.

## FACTUAL ALLEGATIONS

62. Plaintiff ELIHU ROMERO MORALES was employed by Defendants from in or around March 2017 until in or around August 2017.

63. During Plaintiff ELIHU ROMERO MORALES'S employment by Defendants, Plaintiff was a rebar worker and general laborer, and performing other miscellaneous duties from in or around March 2017 until in or around August 2017.

64. Plaintiff worked approximately sixty-three (63) hours or more per week during his employment by Defendants from in or around March 2017 until in or around August 2017.

65. Plaintiff ELIHU ROMERO MORALES was informed by Defendants that he would be paid $55.00 per hour from in or around March 2017 until in or around August 2017.

66. Furthermore, although Plaintiff ELIHU ROMERO MORALES worked approximately sixty-three (63) hours or more per week during the period of his employment by Defendants from in or around March 2017 until in or around August 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

67. Plaintiff REYNALDO ARIZA BARRIOS was employed by Defendants from in or around March 2017 until in or around August 2017.

68. During Plaintiff REYNALDO ARIZA BARRIOS'S employment by Defendants, Plaintiff was a rebar worker and general laborer, and performing other miscellaneous duties from in or around March 2017 until in or around August 2017.

69. Plaintiff worked approximately sixty-three (63) hours or more per week during his employment by Defendants from in or around March 2017 until in or around August 2017.

70. Plaintiff REYNALDO ARIZA BARRIOS was informed by Defendants that he would be paid approximately $29.00 per hour from in or around March 2017 until in or around August 2017.

71. Furthermore, although Plaintiff REYNALDO ARIZA BARRIOS worked approximately sixty-three (63) hours or more per week during the period of his employment by Defendants from in or around March 2017 until in or around August 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

72. Plaintiff FERNANDO ARELLANO RAMIREZ was employed by Defendants from in or around March 2017 until in or around August 2017.

73. During Plaintiff FERNANDO ARELLANO RAMIREZ'S employment by Defendants, Plaintiff was a rebar worker and general laborer, and performing other miscellaneous duties from in or around March 2017 until in or around August 2017.

74. Plaintiff worked approximately sixty-three (63) hours or more per week during his employment by Defendants from in or around March 2017 until in or around August 2017

75. Plaintiff FERNANDO ARELLANO RAMIREZ was informed by Defendants that he would be paid $29.00 per hour from in or around March 2017 until in or around August 2017.

76. Furthermore, although Plaintiff FERNANDO ARELLANO RAMIREZ worked approximately sixty-three (63) hours or more per week during the period of his employment by Defendants from in or around March 2017 until in or around August 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

77. Plaintiff LUIS FLORES PEREZ was employed by Defendants from in or around March 2017 until in or around August 2017.

78. During Plaintiff LUIS FLORES PEREZ's employment by Defendants, Plaintiff was a rebar worker and general laborer, and performing other miscellaneous duties from in or around March 2017 until in or around August 2017.

79. Plaintiff worked approximately sixty-three (63) hours or more per week during his employment by Defendants from in or around March 2017 until in or around August 2017.

80. Plaintiff LUIS FLORES PEREZ was informed by Defendants that he would be paid $28.00 per hour from in or around March 2017 until in or around August 2017, but was instead paid approximately $22.50 per hour.

81. Furthermore, although Plaintiff LUIS FLORES PEREZ worked approximately sixty-three (63) hours or more per week during the period of his employment by Defendants from in or around March 2017 until in or around August 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

82. Plaintiff FERNANDO OLEA PRADO was employed by Defendants from in or March 2017 until in or around August 2017.

83. During Plaintiff FERNANDO OLEA PRADO'S employment by Defendants, Plaintiff was a rebar worker and general laborer, and performing other miscellaneous duties from in or around March 2017 until in or around August 2017.

84. Plaintiff worked approximately sixty-three (63) hours or more per week during his employment by Defendants from in or around March 2017 until in or around August 2017.

85. Plaintiff FERNANDO OLEA PRADO was informed by Defendants that he would be paid $30.00 per hour from in or around March 2017 until in or around August 2017, but was instead paid approximately $25.00 per hour.

86. Furthermore, although Plaintiff FERNANDO OLEA PRADO worked approximately sixty-three (63) hours or more per week during the period of his employment by Defendants from in or around March 2017 until in or around August 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

87. Plaintiff ANASTACIO RAMIREZ was employed by Defendants from in or around March 2017 until in or around August 2017.

88. During Plaintiff ANASTACIO RAMIREZ'S employment by Defendants, Plaintiff was a rebar worker and general laborer, and performing other miscellaneous duties from in or around March 2017 until in or around August 2017.

89. Plaintiff worked approximately sixty-three (63) hours or more per week during his employment by Defendants from in or around March 2017 until in or around August 2017.

90. Plaintiff ANASTACIO RAMIREZ was informed by Defendants that he would be paid $30.00 per hour from in or around March 2017 until in or around August 2017.

91. Furthermore, although Plaintiff ANASTACIO RAMIREZ worked approximately sixty-three (63) hours or more per week during the period of his employment by Defendants from in or around July 2018 until in or around August 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

92. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

93. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

94. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

95. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

96. Collective Class: All persons who are or have been employed by the Defendants as rebar workers and general laborers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

97. Upon information and belief, Defendants employed more than 400 employees within the past three years subjected to similar payment structures.

98. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

99. Defendants' unlawful conduct has been widespread, repeated, and consistent.

100. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

101. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

102. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

103. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

104. The claims of Plaintiffs are typical of the claims of the putative class.

105. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

106. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

107. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

108. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

109. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

110. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

111. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

112. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

113. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

114. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

115. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

116. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

117. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

118. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

119. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

120. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

121. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

122. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

123. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
  a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
  b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 31 day of October 2019.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---
ELIHU ROMERO MORALES, REYNALDO ARIZA BARRIOS, FERNANDO ARELLANO RAMIREZ, LUIS FLORES PEREZ, FERNANDO OLEA PRADO, and ANASTACIO RAMIREZ, individually and on behalf of all others similarly situated,

                            Plaintiffs,

-against-

CONSTRUCTION DIRECTIONS LLC, NY DEVELOPERS & MANAGEMENT LLC, and NY DEVELOPERS & MANAGERS INC., and ELLIOTT PORCO, ALEX LIZARDO and YOEL GRUBER, as individuals,

                            Defendants.

---

## COLLECTIVE ACTION COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

**CONSTRUCTION DIRECTIONS LLC**
**257 Saw Mill River Road**
**Elmsford, New York 10523**

**NY DEVELOPERS & MANAGEMENT LLC**
**1303 53rd Street**
**Brooklyn, New York 11219**

**NY DEVELOPERS & MANAGERS INC.**
**1303 53rd Street**
**Brooklyn, New York 11219**

**ELLIOTT PORCO**
**257 Saw Mill River Road**
**Elmsford, New York 10523**

**ALEX LIZARDO**
**257 Saw Mill River Road**
**Elmsford, New York 10523**

**YOEL GRUBER**
**1303 53rd Street**
**Brooklyn, New York 11219**